ROBERT R. POWELL, ESQ.   CSB# 159747
BRETT O. TERRY, ESQ.     CSB# 270694
LAW OFFICE OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0200 F: (408) 553-0203
E: rpowell@rrpassociates.com

SHAWN A. MCMILLAN, ESQ. CSB#208529
THE LAW OFFICES OF SHAWN A. MCMILLAN A.P.C.
4955 Via Lapiz
San Diego, CA 92122
T: (858) 646-0069 F: (206) 600-4582
E: attyshawn@netscape.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(Southern Division – Santa Ana)

| | |
|---|---|
| JILL RANDALL,<br><br>　　　　　Plaintiffs<br><br>　vs.<br><br>COUNTY OF ORANGE, et al.,<br><br>　　　　　Defendants. | Case No. SACV11-01740 CJC (MLGx)<br><br>**PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference: February 2, 2015<br>Time: 3:00 p.m.<br>Courtroom: 9-B<br><br>Trial Date: February 10, 2015 |

//

//

1

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

## INTRODUCTION

Plaintiff's original Memorandum of Contentions of Fact and Law (dckt. 39) was filed on September 30, 2013. Since that time, the trial has been continued twice (dckts. 48 & 58), the Court ordered Defendants to file for summary judgment or partial summary judgment (dckt. 49) and subsequently denied Defendants' summary judgment motion (dckt. 56). However, in Plaintiff's opposition to Defendants' summary judgment motion, Plaintiff voluntarily withdrew her 2nd Cause of Action, an unlawful search of Plaintiff's home by Defendant Watanabe. (dckt. 54, footnote 2) This Amended Memorandum of Contentions of Fact and Law simply reflects the withdrawal of the unlawful search claim, Defendants' affirmative defenses related to that claim, as well as the addition of Plaintiff's fifth motion in limine (dckt. 59), filed on January 5, 2015. No other substantive changes to the original memorandum have been made.

### I. L.R. 16-4.1 CLAIMS AND DEFENSES

#### Plaintiff's Claims

**Claim 1**: Defendant Watanabe unlawfully removed Plaintiff's child in violation of the Fourteenth Amendment of the United States Constitution.

//

//

2

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

Elements of Claim

1. Action by a state actor (already stipulated to).

2. The removal of a child from the custody of its parent without a warrant, when the information possessed at the time of the seizure does not provide reasonable cause to believe that the child is in imminent danger of serious bodily injury, or, there is sufficient time within which to seek and procure a protective custody warrant, is a violation of the 14th Amendment right of familial association.

3. The facts and circumstances known or presented to the state actor, and only those known at the time of the removal (i.e. not later obtained information or evidence) must constitute specific and articulable facts which constitute an emergency that threatens life or limb.

4. Even if a reasonable police officer could have reasonably concluded the child was in imminent risk of serious bodily injury, such that time to obtain a protective custody warrant is insufficient, the scope of the intrusion must be only that which is reasonably necessary to avert a specific injury; also referred to as using the "least intrusive" means to protect the child from the specific risk of serious bodily injury.

5. The determination of the reasonableness of the state actor removing the child is not subjective, but objectively assessed.

3

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

*See Calabretta v. Floyd*, 189 F.3d 808 (9th Cir. 1999); *Croft v. Westmoreland County* [ ], 103 F.3d 1123 (3rd Cir.1997*); Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000); *Rogers vs. San Joaquin County*, 487 F.3d 1288 (9th Cir. 2007); *Mabe v. San Bernardino County*, 237 F.3d 110 (9th Cir. 2001); *Saucier v. Katz*, 522 U.S. 194 (2001); See also, Ninth Circuit Model Civil Jury Instructions 9.2. [1]

<u>Brief Description of Evidence in Support of Claim</u>

The evidence that supports Plaintiff's claim is as follows: Testimony of Jill Randall, Myeshia Hammond, Stan Watanabe, and Jamie Lopez, HBPD dispatch notes, the investigation narrative, Watanabe discovery responses, and the trial testimony of Natalie Felando, support Plaintiff's claim.

**Claim 2**:  Defendant City of Huntington Beach, under a *Monell* theory of liability, is liable for the violation of Plaintiff's Fourteenth Amendment rights related to the unlawful removal of Plaintiff's minor child.  Plaintiff alleges the following for both the unlawful removal and the unlawful search:

1. failure to train or adequately train defendant employees regarding existence of protective custody warrants (and underlying state / federal law), or how

---

[1] Related issues to this "violation," are the participation of Watanabe in the removal of the Plaintiff's child, and/or a failure of Watanabe to intercede in the unlawful removal of a child in violation of the Plaintiff's 14th Amendment rights of familial association.  Jury instructions will be submitted on these related issues in addition to the basic violation complained of by Plaintiff.

4

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

    to obtain and use protective custody warrants authorized under California law;

2. creating and/or maintaining policy, practice, custom, and/or procedure resulting in the repeated warrantless removal of children not at imminent risk of serious bodily injury;

3. the creation and/or maintenance of a policy, practice, custom, and/or procedure whereby no reasonable efforts are made to avoid removal of children from their parents

Elements of Claim

1. Defendant Watanabe acted under color of law;

2. the acts of Defendant Watanabe deprived the Plaintiff of her particular rights under the United States Constitution as explained above; and

3. Defendant Watanabe acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant City of Huntington Beach, and/or without sufficient knowledge of the law, of which the non-existence of training and/or failure to train was a driving force.

  A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Defendant Watanabe acted under color of law.

5

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the Defendant City of Huntington Beach.

[With regard to the failure to train allegations/claims]

1. The failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact
2. The violation of federal rights may be a highly predictable consequence of a failure to equip the government actors (police officers) with specific tools and/or knowledge to handle recurring situations.
3. If the municipality had trained its employees, the violation of Plaintiff's constitutional rights could have been avoided.

*See City of Canton v. Harris*, 489 U.S. 378 (1989); *Conn v. City of Reno*, 591 F.3d 1081 (9th Cir. 2010); See also, Ninth Circuit Model Civil Jury Instructions 9.4.

Brief Description of Evidence in Support of Claim

The evidence that supports Plaintiff's claim is as follows:

Testimony of Jill Randall, Myeshia Hammond, Stan Watanabe, Jamie Lopez, PMK Greg Davis, PMK Trent Tunstall, and PMK Mitchell O'Brien, HBPD dispatch notes, investigation narrative, Watanabe discovery responses, trial testimony of Natalie Felando, City of Huntington Beach discovery

6

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

responses, and exhibits from the PMK depositions as identified in the parties' Joint Exhibit List.

### Defendants' Affirmative Defenses[2]

**Affirmative Defense 1:** Defendant Watanabe is entitled to Qualified Immunity on Plaintiff's claimed Fourteenth Amendment violation:

Elements of Affirmative Defense:

Any participation or concurrence by Defendant Watanabe with Hammond's decision to remove X.Y. from Plaintiff's residence/custody and deliver custody of X.Y. to his father, Adam Randall, did not

1. violate any clearly established law,
2. that a reasonable police officer would have known.

Brief Description of Defendants' Evidence in Support of Defense:

Testimony by Watanabe and Officer Lopez concerning the nature and purpose for their presence at Plaintiff's residence, i.e., to "keep the peace," and their knowledge of the reasons and basis for Hammond's decision to remove X.Y. from Plaintiff's residence/custody and deliver him to his father, Adam Randall.

---

[2] Pursuant to an agreement between the parties counsel, Plaintiff provided Defendants with Plaintiff's claims, elements, and evidence is support of Plaintiff's claims and Defendants provided Plaintiff with Defendants affirmative defenses, elements, and evidence in support of Defendants' affirmative defenses.

7

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

<u>Brief Description of Plaintiff's Evidence in Opposition of Defense</u>:

Testimony of Jill Randall, Myeshia Hammond, Stan Watanabe, and Jamie Lopez, HBPD dispatch notes, investigation narrative, Watanabe discovery responses, and trial testimony of Natalie Felando, support Plaintiff's claim.

## Similar Statements for all Third Parties

Plaintiff does not believe this category applies in this matter.

## Identification of any Anticipated Evidentiary Issues/Plaintiff's Position on Evidentiary Issues

On September 23, 2013, Plaintiff submitted motions in limine which are scheduled to be heard at the Pre-Trial Conference per this Court's order (Docket #24). Plaintiff filed a fifth motion in limine on January 5, 2015, which is also scheduled to be hear at the Pre-Trial Conference.

Plaintiff submits that there is an undisputed fact, which is that the minor child was not at imminent risk of serious bodily injury at the time of removal. This is based on the testimony of Watanabe and the social worker present at the home and participating in the removal of the child. Plaintiff will request the court to make a finding pre-trial, and instruct the jury accordingly.

//

//

//

8

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

**Identification of any Issues of Law/Plaintiff's position on Issues of Law**

Plaintiff is unaware of any issues of law at this time, other than those mixed questions of fact and law on "participation" and "failure to intercede" noted in footnote #1 above.

## II. L.R. 16-4.3 Bifurcation of Issues

Defendants wish to bifurcate individual liability and damages, then *Monell* liability.

Plaintiffs agree bifurcation would be appropriate as indicated.

## III. L.R. 16-4.4 Jury Trial

The issues of whether the removal of Plaintiff's son resulted in 14th Amendment and *Monell* violations.

A timely demand for jury has been made, having been made in the initial filing of the Complaint, both on its face, and again immediately following the initial signature line of Plaintiff's counsel at the end of the body of the Complaint.

Defendants have also made a demand for a jury trial.

## IV. L.R.16-4.5 Attorneys' Fees

Pursuant to 42 U.S.C. 1988, attorney fees are awardable to prevailing party plaintiffs in a civil rights action filed pursuant to 42 U.S.C. 1983. [*See also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Fox v. Vice*, 131 S.Ct. 2205,

9

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)

2214 (2011).]  Plaintiff has filed a civil rights action pursuant to 42 U.S.C. 1983 alleging the violation of her Fourth and Fourteenth Amendment rights.

## V.  L.R. 16-4.6 Abandonment of Issues

Plaintiff previously settled with Defendants County of Riverside, Myeshia Hammond, Jake Michel, Susan Horn, Irma Salazar-Allen and Mei Pauw.  As stated above, Plaintiff voluntarily withdrew her 2nd Cause of Action, an unlawful search of Plaintiff's home by Defendant Watanabe. [dckt. 54, footnote 2] Plaintiff is unaware of any other abandoned issues at this time.

Dated: January 12, 2015              ___/S/ Robert R. Powell_____
                                     ROBERT R. POWELL, ESQ.
                                     Attorney for Plaintiffs

10

Plaintiff's Amended Memorandum of
Contentions of Fact and Law
Randall v. County of Orange, et al.
U.S. District Court – Central District
Case No. SACV11-01740 CJC (MLGx)