Robert R. Powell, Esq., SBN 159747
rpowell@rrpassociates.com
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San José, California  95126
Telephone: (408) 553-0200
Facsmile: (408) 553-0203

Shawn A. McMillan, Esq. SBN 208529
attyshawn@netscape.net
THE LAW OFFICES OF SHAWN A. MCMILLAN, APC
4955 Via Lapiz
San Diego, California 92122
Telephone: (858) 646-0069
Facsimile:  (206) 600-4582

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA**

| | |
|---|---|
| JILL RANDALL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; MYESHIA HAMMOND, in her personal capacity; JAKE MICHEL, in his personal capacity; SUSAN HORN, in her personal capacity; IRMA SALAZAR-ALLEN, in her personal capacity; MEI PAUW, in his personal capacity; CITY OF HUNTINGTON BEACH;  STAN WATANABE, in his personal capacity; DOES 1 - 10 inclusive,<br><br>Defendants. | Case No.: SACV11-01740 CJC (MLGx)<br>Judge:         Hon. Cormac J. Carney<br>Courtroom No. 9B<br><br>PLAINTIFF'S PROPOSED  JURY INSTRUCTIONS RE: PUNITIVE DAMAGES<br><br>Hearing Date:<br>Time: |

Attached hereto are the re-formatted jury instructions which the Court requested be prepared by the parties and filed with the Court.

Dated: February 11, 201    The Law Offices of Shawn A. McMillan, APC.

/s/ Shawn A. McMillan
Shawn A. McMillan, Esq.
Counsel for Plaintiff

## 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in

setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[Punitive damages may not be awarded against the City of Huntington Beach. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Comment**

Punitive damages are not available in every case. For example, punitive damages are not available against municipalities, counties, or other governmental entities unless expressly authorized by statute. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-71 (1981). Punitive damages may, however, be available against governmental employees acting in their individual capacities. *See Monell v. New York City Dept. of Soc. Services,* 436 U.S. 658 (1978); *City of Newport,* 453 U.S. at 254. In diversity cases, look to state law for an appropriate instruction.

Whether and under what criterion punitive damages are available depends upon the substantive standards applicable to the underlying claim for relief, and, therefore, the third paragraph of this instruction should be modified accordingly.

As to Title VII claims, an employer may be liable for punitive damages when the employer "discriminate[s] in the face of a perceived risk that its actions will violate federal law." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 514-15 (9th Cir. 2000) (citing *Kolstad v. American Dental Ass'n*., 527 U.S. 526, 536 (1999). *See also Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1026-27 (9th Cir.2000). Punitive and compensatory *damages are subject to caps in Title VII cases. See 42 U.S.C. 1981a(b)(3).*

As to Section 1983 claims, "i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir.1993). In *Dang v. Cross,* the Ninth Circuit held this '"statement of the law of punitive damages is incomplete, however. The standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases. . . . [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates for punitive damages under § 1983." 422 F.3d 800, 807 (9th Cir. 2005) (citing *Smith v. Wade,* 416 U.S. 30, 49(1983)). The *Dang* court held it was reversible error to decline to instruct that "oppressive acts" were an alternative basis for punitive damages in a Section 1983 case.

Similarly, punitive damages claims arising under state law are subject to state law standards for recovery which should be reflected in a modified jury instruction. *See, e.g., Coughlin v. Tailhook Ass'n,* 112 F.3d 1052, 1056 (9th Cir. 1997).

Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief. For example, several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim. On the other hand, a preponderance of the evidence standard has been upheld for punitive damages in certain federal claims. *See, e.g., In re Exxon Valdez,* 270 F.3d 1215, 1232 (9th Cir.2001) (preponderance standard applies to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)).

If punitive damages are available and evidence of defendant's financial condition is offered in support of such damages, a limiting instruction may be appropriate. *See* Instruction 1.8 (Evidence for Limited Purpose) and numbered paragraph (3) in Instruction 1.7 (What Is Not Evidence).

Regarding degree of reprehensibility and punitive damages generally, *see Philip Morris USA v.Williams,* 549 U.S. 346, 353-54 (2007*), BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *see also Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir.1993) ("*Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future."). See also *White v. Ford Motor Co.*, 500 F.3d 963, 972 (9th Cir. 2007) (trial court's failure to give a "harm to nonparties" instruction violated due process

and was reversible error after *Williams*). Bracketed language in the fourth paragraph of the instruction addresses this requirement when evidence concerning harm to nonparties is admitted on the issue of degree of reprehensibility.

Regarding whether to instruct the jury concerning the relationship of any award of punitive damages to compensatory damages, the Ninth Circuit noted in *White v. Ford Motor Co.* that this inquiry "is markedly different from the jury's determination of a specific amount of punitive damages; its purpose is to aid in ascertaining the constitutional *ceiling*. Unlike the initial damage calculation, determining the constitutional ceiling on a punitive damage award is a question of law, properly reserved for the court." 500 F. 3d at 974 (emphasis original). The court also observed that, although "states are certainly free to incorporate the reasonable relationship concept into jury instructions, . . . it is also constitutionally permissible for a district court to delay the reasonable relationship inquiry until the judge's post-verdict review." *Id.* at 974. Because Nevada chose the latter course, it was not error in *White* for the district court to decline a "relationship inquiry" instruction. *Id.*

Regarding the constitutional, due process issues involved in the "relationship inquiry," *see State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), referring to *Gore* and *Haslip* and stating that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1, or, in this case, of 145 to 1.". In *State Farm*, the Court went on to say that "because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" *Id.* (quoting *Gore*, 517 U.S. at 582.) For an application of the *State Farm* ratio principles in the context of a 42 U.S.C. § 1981 case, see *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 774-77 (9th Cir.2005). *But see*, *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 512-15 (2008) (applying federal maritime common law to conclude punitive damages could not exceed 1:1 ratio in maritime cases).

*Approved 7/2008*

<u>**CERTIFICATE OF SERVICE**</u>
<u>**NOTICE OF ELECTRONIC FILING**</u>

*Jill Randall, v. County of Orange, et al.*
*United States District Court, Central District Of California - Santa Ana*
***Case No. SACV11-01740 CJC (MLGx)***

I am employed in the County of San Diego, State of California. I am over 18 years of age and am not a party to the within action. My business address is 4955 Via Lapiz, San Diego, California 92122.

On February 11, 2015, I electronically filed the foregoing documents described as:

– PLAINTIFF'S PROPOSED JURY INSTRUCTIONS RE: PUNITIVE DAMAGES

**_X_ (BY ELECTRONIC FILING)** I electronically filed with the Clerk of the Court a true and correct copy of the original as indicated above, and a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case. In addition, pdf courtesy copy of the filing was sent via email to the parties counsel. As listed on Attachment A.

And I hereby certify that I have mailed the foregoing documents as indicated above to the parties are not registered for the CM/ECF system as following:

**NO NON-ECF PARTIES**.

Parties can access this filing through the Court's system.

Dated: February 11, 2015          /S/ Shawn A. McMillan
                                                    Shawn A. McMillan

Attachment A

Matthew Brent Golper
Koeller Nebeker Carlson & Haluck
3 Park Plaza Suite 1500
Irvine, CA 92614
949-864-3400
matthew.golper@knchlaw.com
representing     County of Orange (Defendant)

Neal Moore, Sr
Huntington Beach City Attorney's Office
2000 Main Street
P O Box 190
Huntington Beach, CA 92648
714-536-5555
714-374-1590 (fax)
nmoore@surfcity-hb.org
  Assigned: 01/23/2012
  representing     City of Huntington Beach (Defendant)
                  Stan Watanabe (Defendant)